IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PEDRO ENRIQUE RAMIREZ-CHACON,<br><br>Defendant. | Case No. 5:25-CR-095 (GTS) |

**GOVERNMENT'S MOTION TO DISMISS WITHOUT PREJUDICE**

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States Attorney for the Northern District of New York hereby moves to dismiss without prejudice the Indictment charging Defendant Ramirez-Chacon with Illegal Re-entry, in violation of 8 U.S.C. § 1326(a).

The Defendant was arrested and charged by criminal complaint with illegal re-entry on January 28, 2025. At an initial appearance on that same date, the Government moved for detention; however, the Court grand the defendant's release. As a result, the Defendant was released from federal criminal custody and taken into custody by immigration authorities. The Defendant was indicted for illegal reentry on March 12, 2025, and an arraignment date was scheduled for March 26, 2025. The arraignment date was moved at the request of the parties to April 2, 2025.

On March 21, 2025, the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") removed the Defendant from the United States to El Salvador, the Defendant's country of origin.

When an indictment is dismissed before trial upon the Government's motion, pursuant to Federal Rule of Criminal Procedure 48(a), such dismissal is without prejudice unless the contrary is expressly stated. *United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974). While

such a dismissal is only granted with "leave of court," the principal object of this requirement is to protect a defendant against prosecutorial harassment or cases in which dismissal is "clearly contrary to manifest public interest." Fed. R. Crim. Proc. 48(a); *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977); *United States v. Pimentel*, 932 F.2d 1029, 1033 n.5 (2d Cir. 1991).

This Court should provide leave to dismiss without prejudice because a dismissal is in the public interest. The Defendant is no longer within the jurisdiction of the United States and neither the parties nor the Court can ensure the Defendant's presence at trial. Dismissal without prejudice will ensure the Government's ability to seek to re-indict if the Defendant returns to the United States within the statute of limitations.

Defense counsel does not object to the dismissal without prejudice. The Government's motion to dismiss is based on the unique facts and circumstances of this case and should not be construed as binding or indicative of the Government's position in other cases, actual or hypothetical, wherein a defendant has been removed, has voluntarily departed, or is otherwise no longer present within the jurisdiction of the United States.

        Respectfully submitted,

        JOHN A. SARCONE III
        United States Attorney

By:   /s/ Jeffrey C. Stitt
       Jeffrey C. Stitt
       Assistant United States Attorney
       Bar Roll No. 520195

Leave of court is granted for the filing of the foregoing dismissal without prejudice.

**IT IS SO ORDERED.**

April  22 , 2025

Glenn T. Suddaby
U.S. District Judge